**O**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK BROOKS,<br><br>　　　　　Plaintiff,<br>　　v.<br>BANK OF NEW YORK MELLON, et al.,<br>　　　　　Defendants. | Case No. 2:12-cv-7018-ODW(MANx)<br><br>**ORDER DISMISSING COMPLAINT** |

　　　　The Court is in receipt of Plaintiff's complaint. Upon review, the Court finds that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, and should be dismissed.

　　　　Rule 8(a) requires that a pleading contain a short and plain statement of a claim showing that the pleader is entitled to relief. *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Plaintiff must plead a short and plain statement of the elements of his claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case." *Id.* Further, Plaintiff must eliminate all preambles, introductions, argument, speeches, explanations, stories, griping,

vouching, evidence, attempts to negate possible defenses, summaries, and the like from his complaint. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). The Court should be able to read and understand Plaintiff's pleading within minutes. *Id.* at 1177.

Although the Court is required to give pro se plaintiffs some leniency in terms of procedure, the complaint must still be adequately plead. *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). A complaint that is unintelligible serves no purpose and does more harm than good. And it requires all parties—plaintiff, defendant, and the court—to expend resources just trying to decipher the prose.

Here, Plaintiff's complaint is 29 pages long (not including exhibits). It alleges that the four Defendants committed a myriad of offenses, and states 16 causes of action relating to unlawful lending and mortgage business practices. But the complaint contains nothing but boilerplate allegations relating to speculative wrongful acts by the mortgage and financial industries. The complaint contains only legal conclusions and lacks any facts alleging what each Defendant has specifically done to harm Plaintiff. Additionally, Plaintiff's legal theories presented in his complaint barely make sense. In total, Plaintiff's complaint violates the "short and plain" requirement of Rule 8, and is hereby **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint within 21 days. Failure to do so will result in dismissal of this action.

Finally, the Court is not convinced that Plaintiff is the author of his complaint—it appears Plaintiff acquired a template (perhaps for a fee) and modified it to suit his needs. The template is plain awful, and the Court discourages this practice. Instead, Plaintiff is advised that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays at 9:30 a.m. The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions. Plaintiff is

encouraged to visit the clinic, prior to filing his amended complaint, for advice concerning his case.

**IT IS SO ORDERED.**

August 24, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**